CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 30 2009
JOHN F CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RODNEY E. STEWART, ) | Civil Action No. 7:08-cv-00621 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WALTER DOUGLAS TUCK, JR., ) | By: Hon. Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |

Rodney E. Stewart, a federal prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Stewart names Walter Douglas Tuck, Jr., a Captain in the Wytheville Sheriff's Department, as the sole defendant. Stewart alleges that Tuck violated his constitutional right to be free from an unlawful search and seizure. Tuck filed a motion to dismiss, and Stewart responded, making the matter ripe for disposition. After reviewing the record, I grant Tuck's motion to dismiss.

I.

Stewart alleges the following facts. Stewart is unlawfully incarcerated because Tuck seized Stewart without probable cause on May 8, 2006. On this date, Stewart sat in the front-passenger seat of a car traveling 75 miles per hour on Interstate 77 in Wythe County, Virginia, when defendant Tuck pulled the car over on suspicion of speeding. (Pl.'s Resp. To Order (docket #17) 3.) Tuck asked the driver and Stewart for identification. (Id.) The driver handed Tuck a driver's license and informed Tuck that it was suspended. Stewart admits giving Tuck a false name and birth date. Tuck then asked if any weapons were in the car, and the driver said that a pistol was in the center console between the driver and Stewart and its ammunition clip was in the glove box in front of Stewart. The driver gave the firearm to Tuck, who discovered the gun's serial number was reported as stolen. Tuck arrested the driver and Stewart. Stewart

argues that Tuck did not have a reasonable and articulable suspicion to support the traffic stop nor probable cause to arrest Stewart. Stewart seeks $100,000 compensatory and $200,000 punitive damages. (Compl. 2.)

A review of related litigation reveals that as a result of the traffic stop the United States filed a complaint in June 2006 against Stewart for being an armed career criminal in possession of a firearm. See United States v. Stewart, No. 1:06-cr-00046 (W.D. Va.). A jury found Stewart guilty of the crime, and the court sentenced Stewart in April 2007 to 240 months incarceration. Stewart appealed, arguing that the jury convicted him on insufficient evidence. The United States Court of Appeals for the Fourth Circuit affirmed his conviction. Stewart is still incarcerated for this conviction.

II.

Upon a defendant's motion to dismiss, I must dismiss any action or claim filed by a plaintiff if I determine that the action or claim fails to state a claim on which relief can be granted, even after accepting the plaintiff's factual allegations as true. See Fed. R. Civ. P. 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to

clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Stewart alleges that Tuck violated his Fourth Amendment right to be free from unreasonable searches and seizures when Tuck pulled the car over and arrested Stewart.

It is clearly established that "[w]hen an officer observes a traffic offense – however minor – he has probable cause to stop the driver of the vehicle." United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993). Stewart admits in his complaint that the car was illegally speeding at 75 miles per hour before Tuck pulled the car over. See Va. Code Ann. § 46.2-870 (setting speed limits in the Commonwealth of Virginia). Therefore, Stewart fails to state a claim upon which relief may be granted because Tuck did not violate the Fourth Amendment by pulling the speeding car over. Furthermore, Stewart fails to state a Fourth Amendment claim that Tuck could not ask Stewart for identification because questions "relating to one's identity or a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure." Immigration and Naturalization Serv. v. Delgado, 466 U.S. 210, 216 (1984). See United States v. Soriano-Jarquin, 492 F.3d 495, 500 (4th Cir. 2007) (stating an officer may request passenger identification during a traffic stop without implicating the Fourth Amendment). See also Brendlin v. California, 551 U.S. 249, 257 (2007) ("A traffic stop necessarily curtails the travel a

passenger has chosen just as much as it halts the driver . . . and the . . . intrusion on privacy and personal security does not normally . . . distinguish between passenger and driver." ). Tuck could also inquire about weapons in the car because a police "officer's inquiries into matters unrelated to the justification for the traffic stop . . . do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop." Arizona v. Johnson, 129 S. Ct. 781, 788 (Jan. 26, 2009). Accordingly, I dismiss Stewart's traffic stop claim, pursuant to Fed. R. Civ. P. 12(b)(6).

Civil actions "are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." Id. at 375. Therefore, I must consider whether a judgment in favor of Stewart on his arrest claim would necessarily imply the invalidity of his conviction or sentence; if it would, I must dismiss the complaint unless Stewart can demonstrate that the conviction or sentence has already been invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck applies to § 1983 and Bivens actions); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (stating Heck applies to both state-inmate and federal-inmate plaintiffs). Favorable invalidation occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." Heck, 512 U.S. at 487.

Success on Stweart's claim regarding probable cause for his arrest would imply the

4

invalidity of his current confinement. Stewart cannot prove favorable termination because he is still convicted and serving a sentence for the same crimes for which he seeks monetary relief. See Blue Tree Hotels v. Starwood Hotels & Resorts, 369 F.3d 212, 217 (2d Cir. 2004) (stating courts may look to public records to decide a motion to dismiss without converting it into a motion for summary judgment); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (stating court may take judicial notice in a civil case of relevant and critical criminal matters). Therefore, Stewart's claims relating to his arrest and subsequent prosecution are presently barred by Heck. Accordingly, I dismiss these claims without prejudice.[1] See Omar v. Chasanow, No. 08-8440, 318 Fed. Appx. 188, 2009 U.S. App. LEXIS 5681 at *1-2 (4th Cir. March 18, 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck for failing to state a claim to be dismissed without prejudice to allow plaintiff to refile if favorable termination occurs).[2]

III.

For the foregoing reasons, I grant the defendant's motion to dismiss, dismiss plaintiff's Fourth Amendment claim about the traffic stop, and dismiss without prejudice plaintiff's claims about probable cause for his arrest and subsequent prosecution.

The Clerk is directed to send copies of this memorandum opinion and the accompanying

---

[1] Inasmuch as the claims that are barred by Heck have not yet accrued, it would be premature to determine qualified immunity regarding them.

[2] Therefore, this dismissal does not constitute a strike under 28 U.S.C. § 1915(g). While a dismissal without prejudice for failing to state a claim does not constitute a strike, a dismissal of an action as frivolous does. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Stewart is advised that any additional attempts to relitigate this particular claim without showing favorable termination shall be dismissed as frivolous and may count as a strike under § 1915(g), which requires full payment of the $350 filing fee when instituting a civil action after accumulating three strikes.

order to plaintiff and counsel of record for the defendant.

**ENTER**: This 30th day of October, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge